UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAURINE GLASGOW,

Plaintiff,

v.                                                      Case No.: 6:21-cv-0954-WWB-LRH

ORLANDO HEALTH, INC.
a Florida Not for Profit
Corporation,

Defendant.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MAURINE GLASGOW (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against Defendant ORLANDO HEALTH, INC., a Florida Not For Profit Corporation (hereinafter referred as "ORLANDO HEALTH" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was

intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by retaliating against Plaintiff by ultimately terminating Plaintiff after she took approved medical leave, which qualified her for protection under FMLA.

The ADAAA provides, in pertinent part, as follows:

(a) General Rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction. A used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –

(5) (A) not making reasonable accommodations to the known physical or mental of an otherwise qualified individuals with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; . . .

42 U.S.C. § 12112(a)-(b)

## PARTIES

1. Plaintiff was hired by ORLANDO HEALTH in August 1999.

2. Plaintiff is resident of Orange County, Florida.

3. By the very nature of its work, ORLANDO HEALTH is a corporation that is engaged in an industry affecting commerce.

4. ORLANDO HEALTH employs more than 500 employees.

5. ORLANDO HEALTH employs more than fifty (50) employees within 75 miles of its ORLANDO HEALTH, Orlando facility.

## JURISDICTION

6. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

7. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

8. Plaintiff worked for ORLANDO HEALTH in Orange County, Florida.

9. ORLANDO HEALTH conducts business in Orange County, Florida and throughout the state.

10. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

11. On or about April 8, 2021, GLASGOW timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADA). A copy of this Charge is attached hereto as Exhibit A.

12. The EEOC, on or about May 21, 2021, issued to GLASGOW a Dismissal and Notice of Rights as to the Charge attached as Exhibit B.

13. This action is being commenced within 90 days of GLASGOW's receipt of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff began her employment with ORLANDO HEALTH, in August 1999 as a Medical Collections Specialist.

15. Plaintiff received an hourly sum of $22.76 and worked approximately 40 hours per week.

16. Plaintiff has suffered from a debilitating back condition for several years.

17. Plaintiff's back condition began to affect her ability to perform daily living activities such as walking, standing, stopping, sitting for prolonged periods of time and moving around.

18. Plaintiff's back condition limited Plaintiff's ability to perform her daily job duties.

19. Plaintiff's physician recommended that Plaintiff take medical leave as needed due to her back condition as early as 2019.

20. In March 2020, Plaintiff was approved for intermittent leave as needed for the same health issues she was experiencing.

21. In May 2020, Plaintiff's FMLA leave accommodation was recertified so she could take time off as needed to continue her recovery.

22. Proper documentation was submitted to the Defendant.

23. Plaintiff worked more than 1250 hours in the year immediately preceding May 2020.

24. Plaintiff's intermittent leave was approved through October 2020.

25. Plaintiff was an employee in good standing.

26. On or about June 6, 2020, Plaintiff received a call from Zenib (manager) and John Mendez (within her department).

27. Plaintiff was told that Defendant needed "healthy people" that could maneuver and help people.

28. Defendant then terminated Plaintiff for alleged performance issues.

29. Plaintiff's had no current performance write-ups at the time of her termination.

30. ORLANDO HEALTH'S actions retaliated against Plaintiff for exercising her rights under the FMLA.

## COUNT I - RETALIATION UNDER THE FMLA

31. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 30 above as if fully set forth herein.

32. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

33. ORLANDO HEALTH was Plaintiff's employer as defined by the FMLA.

34. ORLANDO HEALTH discriminated and/or retaliated against Plaintiff because ORLANDO HEALTH knew she was eligible for leave under the FMLA.

35. ORLANDO HEALTH discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

36. ORLANDO HEALTH'S acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

37. ORLANDO HEALTH'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

38. As a direct, natural, proximate and foreseeable result of the actions of ORLANDO HEALTH, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits,

future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

39. Plaintiff has no plain, adequate or complete remedy at law for the actions of ORLANDO HEALTH, which have caused and continue to cause irreparable harm.

40. ORLANDO HEALTH'S violations of the FMLA were willful.

41. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against ORLANDO HEALTH for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against ORLANDO HEALTH for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of ORLANDO HEALTH'S conduct;

c. judgment in her favor and against ORLANDO HEALTH for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against ORLANDO HEALTH for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that ORLANDO HEALTH'S practices toward Plaintiff violate her rights under the FMLA; and

  f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADAAA

  42. GLASGOW realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-30 above.

  43. GLASGOW suffered from a disability.

  44. GLASGOW was a qualified individual.

  45. GLASGOW requested an accommodation to care for herself.

  46. This constituted protected activity under the ADAAA.

  47. GLASGOW was terminated instead of being allowed to take leave to care for herself.

  48. GLASGOW was terminated due to her disability.

  49. Upon information and belief, ORLANDO HEALTH's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for GLASGOW could care for herself, and resulting termination of GLASGOW's employment, was, in whole or in part, motivated by GLASGOW's request for accommodation.

  50. As a natural, proximate and foreseeable result of ORLANDO HEALTH's actions, GLASGOW has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of

dignity, and other intangible injuries.

51. The conduct of ORLANDO HEALTH's management was in such reckless disregard of GLASGOW's federal statutory rights against retaliation as to entitle GLASGOW to recover an award of punitive damages to punish ORLANDO HEALTH and to deter it and others from such conduct in the future.

52. The retaliation GLASGOW suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

53. GLASGOW is entitled to recover reasonable attorneys' fees and litigation expenses against ORLANDO HEALTH.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant ORLANDO HEALTH, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to GLASGOW;

b. Awarding judgment against ORLANDO HEALTH for the back pay and benefits to which GLASGOW would have been entitled but for ORLANDO HEALTH's retaliatory acts;

c. Awarding judgment against ORLANDO HEALTH for compensatory

damages;

   d.   Awarding judgment against ORLANDO HEALTH for punitive damages;

   e.   Enjoining ORLANDO HEALTH to reinstate GLASGOW to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

   f.   Awarding GLASGOW her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

   g.   Awarding GLASGOW equitable relief in the form of an additional set-off for any negative tax consequences incurred by GLASGOW as the result of any damage award entered in her favor in this action; and

   h.   Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this  3rd  day of June, 2021.

                    Respectfully submitted,
                    **s/ Carlos V. Leach**
                    Carlos V. Leach, Esquire
                    FBN: 0540021
                    Edward W. Wimp, Esquire
                    FBN: 1015586
                    THE LEACH FIRM, P.A.
                    631 S. Orlando Ave., Suite 300
                    Winter Park, FL 32789

Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: cleach@theleachfirm.com
Email: ewimp@theleachfirm.com

**s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 85476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __3rd__ day of June, 2021, I filed the above via the CM/ECF system which will send a copy to opposing counsel.

/**s**/ Carlos V. Leach
Carlos V. Leach, Esq.